UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JULIAN REVILLA,

        Petitioner,               Case No. 1:23-cv-469

v.                                          Honorable Sally J. Berens

TOM REICH,

        Respondent.
_____/

**OPINION**

       This is a habeas corpus action brought by a detainee of the Eaton County Jail. Petitioner Julian Revilla reports that he had been incarcerated in Ohio on convictions of receiving stolen property, possession of a firearm, and "fail[ure] to comply," and was then serving the remaining 655 days of a two-and-a-half-year sentence. (Pet., ECF No. 1, PageID.5.) While Petitioner was in custody in Ohio, detectives from Michigan came to question him. (*Id.*) Petitioner alleges that he was subsequently extradited to Michigan but does not provide any details regarding his criminal charges or their status. (*Id.*, PageID.3, 5.) He claims that his charges and extradition were the result of a "perjured probable cause affidavit." (*Id.*, PageID.2.) He also alleges that he was "coerced . . . into signing a waiver of his Miranda warning" and was denied a requested attorney. (*Id.*, PageID.3–6.) Finally, Petitioner suggests that any statements made to the Michigan detectives were the result of "coercive police interrogation tactics." (*Id.*, PageID.2.)

       Petitioner originally filed this action in the United States District Court for the Southern District of Ohio. However, on May 5, 2023, the Southern District of Ohio transferred this matter

to this Court because "Eaton County, the location of petitioner's present custody, is located within the Western District of Michigan." (Ord., ECF No. 3, PageID.10.)

The Court construes the petition as claiming that Petitioner is unconstitutionally detained and should be released. Although Petitioner references 28 U.S.C. § 2254 within his petition, Eaton County Circuit Court records reveal that Petitioner is currently in pretrial custody.[1] Where a pretrial detainee challenges the constitutionality of his pretrial detention, he must pursue relief under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). Accordingly, the Court will liberally construe the petition as having been filed pursuant to Section 2241.

It appears that Petitioner may also be in custody pursuant to a conviction from the courts of Ohio. That fact does not mean that the present petition is properly considered under Section 2254. The custody being attacked determines which statutory provision should apply. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (stating "[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). Petitioner does not attack the Ohio conviction, only the order holding him in the Eaton County Jail.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States

---

[1] Eaton County Circuit Court records indicate that Petitioner is being held on several felony charges in case numbers 2019-0000020343-FC and 2019-0000020344-FC. MiCourt Case Search, https://micourt.courts.michigan.gov/casesearch/court/C56/search?firstName=julian&middleName=&lastName=revilla&birthYear=0&caseNumber=&caseYear=0&caseType=&page=1 (last visited May 23, 2023). On March 30, 2022, Petitioner, through his counsel, requested a stay of proceedings in case number 2019-0000020343-FC, which was granted on April 5, 2022. *Id.* (select "2019-0000020343-FC," select "events"). A jury trial is currently scheduled for July 30, 2023, in case number 2019-0000020344-FC. *Id.* (select "2019-0000020344-FC," select "hearings").

magistrate judge. (ECF No. 1, PageID.4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing Section 2254 Cases.[2] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the

---

[2] The Rules Governing Section 2254 Cases may be applied to petitions filed under Section 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

3

petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[3] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies.

## Discussion

A claim for habeas relief under Section 2241 is not subject to all of the specific statutory requirements set forth in Section 2254. Thus, the Section 2254 bar on habeas relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State," 28

---

[3] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

U.S.C. § 2254(b)(1), does not apply to a Section 2241 habeas petitioner. Nonetheless, a prejudgment detainee may not simply seek relief in federal court under Section 2241 where state relief is still available. A federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a prejudgment Section 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1989).

None of Petitioner's claims regarding his pending charges and detention fall within any of these exceptional circumstances. Furthermore, Petitioner is asking the Court to release him from detention and dismiss the charges. That relief is "not attainable by way of pretrial habeas corpus." *Atkins*, 644 F.2d at 547. When a habeas petition brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In re Justices of Superior Court Dep't of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000).

Moreover, even if Petitioner's grounds for relief were permitted, he would still have to exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490-91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981) (holding that a pretrial detainee may file a Section 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner does not indicate that he sought relief in the state courts for the constitutional violations that he alleges. Indeed, the petition makes no mention of exhaustion or the status of the state court proceedings. Nevertheless, a challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq.* Under those provisions and the Michigan Court Rules, it appears that state court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Petitioner is required to show that he has first pursued the remedies afforded to him by the Michigan Court Rules and the Michigan habeas corpus statute before seeking relief from this Court. Unless and until Petitioner has fairly presented his federal habeas issues to the Michigan

6

courts, he has not exhausted his remedies such that this Court might consider Petitioner's challenges to his pretrial detention.

### **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under Section 2241, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies and denying a certificate of appealability.

Dated:    June 1, 2023                             /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  United States Magistrate Judge